IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **LISA BAXTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action |
| | ) | File No. 4:20-cv-00142-CDL |
| **SRL Whisperwood, L.L.C.**, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, Lisa Baxter, by and through her undersigned counsel, and files this Amended Complaint for Damages sounding in negligence, and in support thereof, states as follows:

**I.    The Parties:**

1.    The Plaintiff is a resident of Wetumpka, Alabama and at all times pertinent hereto, was at the apartment complex known as Whisperwood Apartments, consisting of over 1000 units on roughly 96 acres of real property at 6029 Flat Rock Drive (Muscogee County) Columbus, Georgia (hereinafter Whisperwood Apartments).

2.      The Defendant SRL Whisperwood, L.L.C is a limited liability company, incorporated in the State of Delaware, with its principal place of business located at 17 State Street, Suite 2525, New York, New York 10004, and is registered with the Secretary of State for the State of Georgia as a foreign entity authorized to do business in the State of Georgia. It may be served by its registered agent, Corporation Service Company at 40 Technology Parkway South, #300, Norcross Georgia 30092.

**II.     Jurisdiction And Venue**

3.      Federal diversity jurisdiction exists pursuant to 28 U.S.C.§ 1332. Plaintiff is a resident of the State of Alabama. Defendant is a Delaware corporation. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

4.      Venue in the Middle District of Georgia is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District.

**III.    General Averments**

5. Defendant owns the Whisperwood Apartments. Attached hereto and incorporated herein by reference as Exhibit A is a copy of the Georgia Secretary of State annual registration for Defendant for calendar year 2020.

6. Plaintiff was employed by a third party property management company at the Premises as a manager and while inspecting the premises on June 5, 2018, at approximately 1:00 p.m., three unknown assailants attacked her outside one of the terrace-level apartments.

7. As a result of the attack on June 5, 2018, the Plaintiff suffered severe damage to her back and right hip and leg, as well as great pain of body and mind, and incurred medical expenses, emotional distress, lost wages, and will incur future medical expenses and future economic damages.

8. Prior to Plaintiff's attack, criminal activity at the Whisperwood Apartments grew with increasing frequency, and the Defendant authorized additional security measures and personnel.

9. Upon information and belief, two of the security personnel originally hired to provide preventive security services were subsequently discharged for selling narcotics at the Whisperwood Apartments.

10. Thereafter, security personnel consisted of two, part-time, unarmed security guards to cover the 96 acre tract of the Whisperwood Apartments

11. Despite the limited measures taken by the Defendant to provide preventive security measures and personnel, criminal activity on the premises of the Whisperwood Apartment complex continued to increase during the summer months of 2018.

12. Upon information and belief, some of the incidents of criminal activity that occurred prior to Plaintiff's attack included

- Robberies
- Home invasions
- Fighting
- Illegal narcotics transactions
- Discharge of firearms

13. The Plaintiff and other staff of the third party property management company at Whisperwood Apartments requested additional preventive security measures from the Defendant because of the increase in crime prior to Plaintiff's attack, but Defendant refused to provide reasonable additional security measures.

## COUNT I - NEGLIGENCE

14. The Defendant knew or should have known that the security measures at Whisperwood Apartments were not safe for staff and tenants.

15. The Defendants failure to provide increased security measures and personnel was unreasonable under the circumstances and increased the danger to the Plaintiff.

16. As a direct and proximate result of Defendant's failure to provide the enhanced duty it voluntarily undertook to provide preventive security measures and personnel, the Plaintiff suffered both physical and mental trauma and injuries.

17. The Plaintiff was exercising ordinary care and was not at fault in any way for the attack.

18. As a direct and proximate result of the Defendant's negligence as herein alleged, Plaintiff was required to, and did, incur expenses for medical treatment and care, and Plaintiff will continue to incur future medical expenses as a result of Defendant's negligence.

19. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered severe mental and emotional distress and a diminution in her income as a result of the trauma she experienced.

## COUNT II - GROSS NEGLIGENCE

20. Defendant's failure to provide adequate security to the premises sufficient to make it reasonably safe for tenants and staff was so reckless and

charged with indifference to the consequences of that failure as to be equivalent in spirit to intentional conduct.

21.  There were sufficient warnings as to the dangerous nature of criminal activity on the premises prior to the Plaintiff's injury as should have been sufficient to permit a reasonably prudent person to foresee a strong probability that harm may result from Defendant's failure to provide adequate security measures to protect tenants and staff.

22.  As a direct and proximate result of Defendant's gross negligence, Plaintiff suffered severe mental and emotional distress as a result of the trauma she experienced.

## COUNT III - PUNITIVE DAMAGES AND ATTORNEY'S FEES

23.  With regard to the claims, transactions, acts, omissions and events referenced herein, the Defendant has acted with reckless indifference to the safety of its tenants and staff.

24.  Accordingly, Plaintiff is entitled to punitive damages, including punitive damages, expenses of litigation and attorney's fees, pursuant to O.C.G.A. § 51-12-5.1(b).

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

    A.    That Defendants be served with summons, process and a copy of this Complaint, as provided by law;

    B.    On Count One of her Complaint, that Plaintiff obtain judgment against the Defendant for damages in a sum according to proof at trial, in excess of $75,000.00, exclusive of interest and costs;

    C.    On Count Two of her Complaint, that Plaintiff be awarded punitive damages to include attorney's fees and expenses actually incurred pursuant to O.C.G.A. § 51-12-5.1(b);

    D.    For pre- and post-judgment interest;

    E.    For costs incurred herein;

    F.    For a trial by jury; and

    G.    For such other and further relief as the nature of this cause, and justice requires.

Respectfully submitted this 29th day of July, 2020.

YATES & WHELAND

/s/ Allen Yates_____

C. Allen Yates - Bar No. 979656
412 Georgia Avenue, Suite 101
Chattanooga, Tennessee 37403
Tel. and FAX (423) 888-3030
ay@ywlawyers.com

# EXHIBIT A

**Defendant's Georgia Secretary of State Registration**

Ex. A to Plaintiff's Amended Complaint

# STATE OF GEORGIA
## Secretary of State
Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 02/06/2020 11:18:52

### BUSINESS INFORMATION

| | |
|---|---|
| BUSINESS NAME | : SRL WHISPERWOOD LLC |
| CONTROL NUMBER | : 15079404 |
| BUSINESS TYPE | : Foreign Limited Liability Company |
| JURISDICTION | : Delaware |
| ANNUAL REGISTRATION PERIOD | : 2020 |

### BUSINESS INFORMATION CURRENTLY ON FILE

| | |
|---|---|
| PRINCIPAL OFFICE ADDRESS | : 45 Broadway, Ste 2640, New York, NY, 10006, USA |
| REGISTERED AGENT NAME | : Corporation Service Company |
| REGISTERED OFFICE ADDRESS | : 40 Technology Pkwy South, #300, Norcross, GA, 30092, USA |
| REGISTERED OFFICE COUNTY | : Gwinnett |

### UPDATES TO ABOVE BUSINESS INFORMATION

| | |
|---|---|
| PRINCIPAL OFFICE ADDRESS | : 17 State Street, Suite 2525, New York, NY, 10004, USA |
| REGISTERED AGENT NAME | : Corporation Service Company |
| REGISTERED OFFICE ADDRESS | : 40 Technology Pkwy South, #300, Norcross, GA, 30092, USA |
| REGISTERED OFFICE COUNTY | : Gwinnett |

### AUTHORIZER INFORMATION

| | |
|---|---|
| AUTHORIZER SIGNATURE | : Abraham Goldberg |
| AUTHORIZER TITLE | : Authorized Person |

Lisa Baxter v. SRL Whisperwood, L.L.C.
Case No. 4:20-CV-00142-CDL